IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARRELL WAYNE REESE,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | ORDER<br><br><br><br><br><br>Civil Case No. 2:04-CV-859 TC<br><br>Criminal Case No. 2:01-CR-742 TC |

　　　　Mr. Darrell Wayne Reese has filed a petition pursuant to 28 U.S.C. § 2255 challenging his sentence ("Reese Petition"). For the reasons set forth below, the court denies Mr. Reese's petition.

　　　　Mr. Reese, with four other co-Defendants, was indicted by the grand jury in a five- count indictment. The indictment charged the Defendants with conspiracy, possession of counterfeit obligations and counterfeit securities, bank fraud and possession of stolen mail. Mr. Reese was named in three of the five counts. (Indictment, Dkt. No. 10).[1] On March 29, 2002, Mr. Reese entered a plea of guilty to count four, bank fraud (violation of 18 U.S.C. §1344).

　　　　On August 26, 2002, following an evidentiary hearing to determine the amount of loss, the court sentenced Mr. Reese to seventy months in custody, to be followed by sixty months of supervised release. Mr. Reese was ordered to pay $67,648.34 in restitution. (Judg. of Conv.,

---

[1]Unless otherwise noted, all record references are to the criminal case, no. 2:01 CR 742C.

Dkt. No. 165).

Mr. Reese and co-Defendants Dale Walter Osborne and Bradley Gordon, appealed their sentences to the Tenth Circuit Court of Appeals. On appeal, Mr. Reese contended that the district court erred in calculating the amount of loss for purposes of relevant conduct. On June 18, 2003, the Tenth Circuit rejected the argument and affirmed the district court's sentence. United States v. Osborne, 3332 F.3d 1307 (10th Cir. 2003). In its decision, the Tenth Circuit thoroughly discussed the relevant sentencing issues. (Id. at 1309). Mr. Reese did not file a petition for a writ of certiorari to the Supreme Court.

## Analysis

Mr. Reese challenges his sentence on the ground that

> The sentencing court determined the facts underlying the calculation of my base offense level and enhanced it by 14 points. The court also enhanced my sentence as a leader. The loss attributed to me should have been $28,388.00. The supreme court has recently ruled that any facts underlying an enhancement not admitted to by the defendant must be submitted to a jury. (Blakely). Therefore my sentence was imposed illegally.

(Reese Petition at 5).

The Tenth Circuit has recently held that Blakely v. Washington, 124 S.Ct. 2531 (2004) does not apply retroactively to convictions that were final at the time the Court decided Blakely (June 24, 2004). United States v. Price, 400 F.3d 844 (10th Cir. 2005). If Mr. Reese's conviction was final by June 24, 2004, he is precluded from challenging his sentence on the ground that it is illegal under Blakely.

The Tenth Circuit affirmed Mr. Reese's conviction on June 18, 2003. See United States v. Osborne, 322 F3d 1307 (2003). Mr. Reese did not file a petition for a writ of certiorari.

Therefore, his judgment of conviction became final ninety days after June 18, 2003.  <u>See</u> Supreme Court Rule 13.  Mr. Reese's conviction became final on September 16, 2003, long before the Supreme Court decided <u>Blakely</u>.

Accordingly, Blakely does not apply retroactively to Mr. Reese's conviction and his petition is DENIED.

SO ORDERED this 20th day of May, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge